**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN CRAIG PLUMBING LLC,<br><br>    Defendant. | **No. 03:12-CV-00471-HU**<br><br>**FINDINGS AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT** |

Cary R. Cadonau
Stephen H. Buckley
BROWNSTEIN RASK
1200 S.W. Main Street
Portland, OR 97205

    Attorneys for Plaintiffs

1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

On March 16, 2012, the plaintiffs filed a Complaint under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947, 29 U.S.C. § 141 *et seq.*, seeking to recover from the defendant unpaid contributions, liquidated damages, and interest, due and owing to the Plumbers and Pipefitters National Pension Fund (the "National Pension Fund"); the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Pension Plan and Trust; the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Health and Welfare Plan and Trust; the U.A. Union Local No. 290 Plumber, Steamfitter & Shipfitter Industry Retiree Health Trust; the United Association Local 290 Apprenticeship and Journeyman Training Trust Fund; the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Vacation, Scholarship and Educational Reimbursement Trust; and the Plumbing and Piping Management Trust Fund (collectively, the "Trust Funds")[*]. Dkt. #1. The two plaintiffs in this case are, first, the Trustees of the Trust Funds; and second, the Plumbers, Steamfitters and Marine Fitters Local No. 290 (the "Union"). *Id.*, ¶ 1.

/ / /

---

[*]The Complaint also lists as a plaintiff "Trustees of the U.A. Union Local No. 290 Plumbers, Steamfitter and Shipfitter Industry 401(k) Plan and Trust." *See* Dkt. #1, p. 1. However, the Complaint contains no allegations regarding this entity, and the Declaration of Al Shropshire in support of the plaintiffs' motion for default judgment does not list the 401(k) Plan and Trust as one of the entities to which the defendant was obligated to pay contributions. *See* Dkt. #1, *passim*; Dkt. #10, ¶ 4. As a result, the court does not include this entity in the group referred to as the "Trust Funds."

2 - FINDINGS AND RECOMMENDATION

John Craig, registered agent for the defendant John Craig Plumbing, LLC, was served personally on March 26, 2012. Dkt. #3. The defendant failed to move or plead in response to the Complaint, and on April 27, 2012, the undersigned entered default against the defendant. Dkt. #7. The plaintiffs now move for default judgment against the defendant. Dkt. #8; *see* Dkt. ##9, 10 & 12.

The present action deals with the time period from June 2011 through January 2012 (the "period at issue"). Dkt. #1, ¶¶ 5 & 9. During that entire time period, the defendant was party to a Compliance Agreement (the "Agreement") with the Union, which required the defendant, among other things, to make contributions to the Trust Funds on behalf of applicable employees, pay union dues to the Union, and file monthly remittance reports and forms. *See* Dkt. #1, ¶¶ 7 & 9; Dkt. #10, ¶¶ 2, 3 & 6; Dkt. #10-1. The defendant failed to pay all amounts owed, when due, pursuant to the terms of the Agreement. Dkt. #1, ¶¶ 12 & 17; Dkt. #9.

In addition to requiring monthly contributions to the Trust Funds, the Agreement provides for liquidated damages and interest upon default, Dkt. #10, ¶ 6; *see id.* ¶¶ 8-13; attorney fees, *id.*, ¶ 14; and liquidated damages and interest on unpaid Union dues, *id.*, ¶ 15.

In their First Claim for Relief, the plaintiffs seek liquidated damages and interest on various unpaid contributions and union dues for the period at issue. Dkt. #1, ¶ 12. The plaintiffs have submitted remittance report forms from the defendant, and spreadsheets prepared by the plaintiffs' counsel, with input from Al Shropshire, the Union's Chief Executive Officer and a Trustee of the Trust Funds, evidencing that the defendant owes $362.90 in

3 - FINDINGS AND RECOMMENDATION

liquidated damages and interest to all of the plaintiffs except the National Pension Fund.  Dkt. #9, ¶¶ 3, 5, & Exs. A & B.

In the plaintiffs' Second Claim for Relief, they seek reimbursement for unpaid contributions, liquidated damages, and interest owed to the National Pension Fund for the period at issue. Dkt. #1, ¶ 17.  The same remittance forms and spreadsheets that support the First Claim for Relief also evidence that the defendant owes unpaid contributions of $888.30; liquidated damages of $88.82; and interest, as of March 13, 2012, in the amount of $40.43; with interest continuing to accrue on the $888.30 in unpaid contributions to the National Pension Fund at the rate of 12% per annum from March 14, 2012, through entry of judgment.  *Id.*; Dkt. #9, ¶¶ 9 & Ex. B; *see* Dkt. #10, ¶¶ 6-13 & 15, & Exs. C through I.

The plaintiffs seek attorney fees in the case in the amount of $1,235.00, representing 6.5 hours of attorney time at $190 per hour.  *See* Dkt. #9, ¶ 8 & Ex. C, itemization.  In addition, they seek costs in the amount of $406.00.  *Id.*, ¶ 9.  The court finds these amounts to be reasonable and proper in light of the services performed and results obtained in this action.

The plaintiffs further request an order "[a]llowing [them] to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid," and to institute further legal proceedings if they find further evidence of unpaid contributions or dues.  Dkt. #8, ¶ 4.  The plaintiffs did not request this relief in their Complaint.  As Judge Hernandez noted in the plaintiffs' earlier action against the same defendant for the time period from April 2010 through May 2011, the court may not

4 - FINDINGS AND RECOMMENDATION

enter a default judgment that "'differ[s] in kind from, or exceed[s] in amount what is demanded in the pleadings.'" *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. John Craig Plumbing LLC*, No. 03:11-cv-01325-HU, Dkt. #16, pp. 2-3 (quoting Fed. R. Civ. P. 54(c)). However, the court finds it would be appropriate to note that the judgment in this case is limited to the period at issue, based on records currently available from the defendant, and does not limit the plaintiffs' right to seek recovery of additional amounts shown to be due if new evidence comes to light, subject to any applicable law.

I therefore recommend the plaintiffs' motion for default judgment be **granted**, as follows:

1) On the plaintiffs' First Claim for Relief, the defendant should be ordered to pay to all of the plaintiffs except the National Pension Fund the sum of **$362.90.**

2) On the plaintiff's Second Claim for Relief, the defendant should be ordered to pay to the National Pension Fund:

    a) unpaid contributions in the amount of **$888.30;**

    b) liquidated damages in the amount of **$88.82;**

    c) and interest, as of March 13, 2012, of **$40.43;** with interest continuing to accrue on the $888.30 in unpaid contributions at the rate of 12% per annum from March 14, 2012, through the date judgment is entered.

3) The judgment expressly should be limited to the period at issue, based on records currently available from the defendant, and does not limit the plaintiffs' right to seek recovery of additional amounts shown to be due if new evidence comes to light, subject to any applicable law.

5 - FINDINGS AND RECOMMENDATION

***SCHEDULING ORDER***

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **July 13, 2012**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then the Findings and Recommendations will go under advisement on the date of filing.

IT IS SO ORDERED.

Dated this 25th day of June, 2012.

/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION